[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks a dissolution of marriage and related ancillary orders. In making its orders the Court is cognizant of and considers the provisions of General Statutes § 46b-81 and 46b-82.
Both parties were represented by counsel and offered testimony.
The parties intermarried in Warrenville, Connecticut on August 11, 1984 and the plaintiff has lived in Connecticut for longer than one year prior to the commencement of this action.
There is one minor child issue of the marriage, namely Melissa Chick, born December 26, 1985.
The marriage has broken down irretrievably and it is ordered dissolved on those grounds.
The following orders are entered:
Custody and Visitation: Custody of the minor child Melissa is awarded to the plaintiff. For the past several months the defendant's visitation has been restricted to supervised weekly visits with the supervisor being a counselor at the Stafford Human CT Page 10567 Services. The defendant would like to have alternating weekend visits at his parents' home (paternal grandparents), but the Court is not satisfied that it would be in the best interest of the child to do so at this time. The substance abuse of the defendant and his inappropriate behavior toward the plaintiff and her son from a prior marriage led to the order for supervised visitation. While the defendant states he has been attending substance abuse counseling programs twice a week, he admitted to drinking recently.
The defendant's parents were not called to testify, nor was there any objective report from which the court could conclude the child's well being would be reasonably assured. For these reasons the defendant shall have continued supervised visitation with Stafford Human Services. However, the matter of visitation is referred to the Family Relations Office for their evaluation and report, at which time the issue of visitation shall be reviewed if the defendant requests.
Child Support: The defendant is currently receiving $300 per week in settlement of a worker's compensation claim. He was injured in 1992 in the course of his employment with the Connecticut Department of Transportation and is presently awaiting a ruling from an arbitration panel with respect to his claim for additional sums. This Court believes such payments and sums are either assets or income which should be available for child support. There is presently an arrearage for unpaid child support in the amount of $3931.00. The defendant is ordered to pay current support of $100.00 per week plus he shall pay $20.00 per week against said arrearage, for a total weekly payment of $120.00.
The defendant is ordered to notify the plaintiff within one week of the arbitrators decision in his worker's compensation claim and shall also notify the plaintiff within one week of obtaining employment that he has done so.
Alimony: The plaintiff has three years of high school and is employed as an EMT earning $8.82 per hour.
The defendant has a similar educational background and, when he was employed by the State of Connecticut earned $450 weekly. He can also work as an auto mechanic and will probably do so if his arbitration is unsuccessful. The defendant was recently in a motorcycle accident and when he can return to work is uncertain. However, he may have a cause of action against the driver of the vehicle involved in his accident. Because of the uncertainty of CT Page 10568 the financial needs and earning ability of the parties, the defendant is ordered to pay alimony in the amount of $1.00 per year for a period of 5 years.
Real Estate: The defendant shall quit-claim his interest to the jointly owned home known as 18 Fifty Foot Road, Willington, Connecticut, to the plaintiff. This home was owned by the plaintiff before the marriage. It was built on property given to the plaintiff and, at the time of the marriage, it was encumbered by a mortgage of approximately $20,000. It is now encumbered by a mortgage of $70,000. While the defendant may have, through his labor, enhanced the value of the property somewhat, it appears to be substantially less than the increase in debt. For these reasons as well as the consideration of the financial orders herein, the home shall be the sole property of the plaintiff. The plaintiff shall assume the responsibility for the outstanding 1st mortgage, taxes and insurance for the premises. The parties shall share equally the responsibility for a mortgage loan from the Connecticut State Employees Credit Union, since the proceeds were used for the benefit of both.
Medical Insurance: The plaintiff has applied for Title XIX medical coverage for the minor child. The parties shall share equally the cost of medical insurance for the minor child as well as any unreimbursed medical expenses. If either party has medical insurance through his/her employment, it shall be provided for said child.
Miscellaneous Orders: The plaintiff shall keep the personal property situated at the marital residence as her sole property with the exception of any power tools owned by the parties at the time of separation, the patio set, and any of the defendant's clothing.
The plaintiff's maiden name of Enola-Gay Perry is ordered restored to her.
Klaczak, J.